IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03065-CNS-CYC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

MONTROSE MEMORIAL HOSPITAL, INC. D/B/A MONTROSE REGIONAL HEALTH,

    Defendant.

---

## DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

---

Defendant Montrose Memorial Health, Inc., d/b/a Montrose Regional Health ("Defendant" or "MRH"), by and through its counsel, Andrew D. Ringel, Esq. and Ciara N. Kimminau, Esq. of Hall & Evans, L.L.C., pursuant to Fed. R. Civ. P. 12(e), hereby respectfully submits this Motion for More Definite Statement, as follows:[1]

### INTRODUCTION

The EEOC filed this sweeping employment action against MRH asserting unlawful employment practices on the basis of age. In the EEOC's Complaint, it names one alleged aggrieved former employee (Lori Schwab) and provides insufficient factual context for Ms. Schwab's assertions against MRH. The EEOC also asserts the existence of a class of individuals allegedly aggrieved by MRH's employment practices. The EEOC does not, however, provide

---

[1] Certificate of Conferral: Prior to filing this Motion, undersigned counsel conferred with counsel for the Plaintiff who indicated the Motion is opposed.

sufficient factual context for its assertions respecting those former employees either, including the names of known class members, the names of all alleged discriminators, the timing of the alleged violations, the anticipated number of class members, or any other basic information to supply MRH with fair notice of the EEOC's allegations. Nor can MRH determine from the Complaint the scope of the conduct Ms. Schwab is alleging was taken against her, or the context of the patient complaint made against her. Instead, the EEOC relies almost entirely on conclusory assertions, labels, and formulaic restatements of legal standards for the aggrieved individuals claims. This is insufficient as a matter of law. As written, the EEOC's conclusory assertions incorporate allegations and claims beyond the scope of Ms. Schwab's assertions. Moreover, the EEOC's assertions encompass an unknown time period impacting an unknown number of individuals perpetrated by an unknown number of MRH supervisors and/or managers. Based on the conclusory nature of the allegations and the complete absence of factual context for the EEOC's assertions respecting the other aggrieved individuals, MRH is unable to respond to the allegations in the Complaint. Accordingly, MRH respectfully requests this Court enter an Order requiring the EEOC to amend its Complaint as further outlined below.

## LEGAL STANDARD

### A.     Pleading Standards under Federal Rule of Civil Procedure 8(a)(2)

Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this rule is to "give the defendant fair notice of what the claim is and the ground upon which it rests." ***Khalik v. United Air Lines***, 671 F.3d 1188, 1191 (10th Cir. 2012). To that end, a "complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to

2

support plaintiff's allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although this standard does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* In an employment case that means the plaintiff must "'nudge[ ] [his] claims' of invidious discrimination across the line from conceivable to plausible." *Ashcroft*, 556 U.S. at 680. In sum, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### B.   Pleading Requirements under Federal Rule of Civil Procedure 12(e)

Federal Rule of Civil Procedure 12 allows a party to move for a more definite statement if a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a response and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Requiring a "more definite statement is appropriate when addressing unintelligible or confusing pleadings." *Marquez v. BNSF Railway Co.*, 2017 U.S. Dist. LEXIS 117837, at *3 (D. Colo. July 27, 2017). However, while "'Rule 12(e) is designed to strike at unintelligible pleadings', **proper specificity is the key** — even an intelligible or non-confusing complaint may warrant a more definite statement when more specificity is needed to draft an appropriate response." *Mechler v. United States*, 2012 U.S. Dist. LEXIS 152023, *3 (D. Kan. Oct. 23, 2012) (emphasis added). "A motion for more definite statement should not be

3

granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Marquez*, 2017 U.S. Dist. LEXIS 117837, at *3. The decision whether to grant or deny such a motion lies within the sound discretion of the court. *Aday v. Capital One Bank, (USA) NA*, 2019 U.S. Dist. LEXIS 30196, at *4-5 (D. Colo. Jan. 3, 2019). A complaint must provide fair notice to the defendant of what the claims are and the grounds supporting such claims. *Twombly*, 550 U.S. at 555.

### C. Treatment of EEOC Pleadings

When the EEOC brings a civil complaint against an employer, it "does not stand in the employee's shoes." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002). Rather, the EEOC is charged with "advanc[ing] the public interest in preventing and remedying employment discrimination." *Gen. Tel. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 331 (1980). Notwithstanding their unique public advocate status, the EEOC is subject to the same federal pleading rules and requirements as any other plaintiff when acting in this capacity. *See* Fed. R. Civ. P. 1; *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). While some courts have not required the EEOC to plead detailed factual allegations to support the individual claims of each potential class member, the EEOC must—at a minimum—"plead[ ] factual content that allows the court to draw the reasonable inference" the employer violated the applicable statutory provisions as to the unidentified individuals. *EEOC v. UPS*, 2013 U.S. Dist. LEXIS 4462, *18 (N.D. Ill. Jan. 11, 2013) (quoting *Iqbal*, 556 U.S. at 678).

## ARGUMENT

The Complaint is devoid of specific factual allegations respecting the "other aggrieved employees," as well as Ms. Schwab herself. Other than Ms. Schwab, the EEOC does not provide the names of any employees allegedly aggrieved by MRH's employment practices. The EEOC does not indicate whether all of the other aggrieved employees were nurses. The EEOC does not identify how many employees were allegedly aggrieved by MRH's employment practices nor does it estimate the number of aggrieved employees. As a result, MRH does not know if there is, for instance, one alleged aggrieved employee, two alleged aggrieved employees, ten alleged aggrieved employees, or twenty or more alleged aggrieved employees. With regard to Ms. Schwab, MRH cannot determine from the Complaint the scope of conduct she is alleging, nor the context of the patient complaint made against her so as to assess her related claims. This is untenable and flies in the face of federal pleading rules and requirements. The purpose of Fed. R. Civ. P. 8 is for a plaintiff to provide a defendant with fair notice of the claims against it—a plaintiff does this by asserting specific claims and the factual allegations supporting these claims. While detailed factual allegations are not required, basic factual support for a plaintiff's claims is required. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Here, the Complaint is lacking. The Complaint does not provide sufficient context to notify MRH when or how it allegedly violated other employees' rights, and it does not notify MRH of all perpetrators of this conduct and who was victimized by this conduct. Federal Rules of Civil Procedure 8 and 12, as well as basic due process principles, require the EEOC to amend its Complaint to provide non-conclusory factual allegations for any assertion of liability against MRH as to the other purported aggrieved employees, as well as Ms. Schwab.

5

Presumably, the EEOC will rely on its unique agency status to avoid its notice pleading requirements. This argument fails. EEOC is subject to federal pleading rules and requirements. *See* Fed. R. Civ. P. 1; **J.H. Routh Packing Co.**, 246 F.3d at 854. EEOC—like other civil plaintiffs—must comply with the requirements of Fed. R. Civ. P. 8 and 12. *See* **EEOC v. UPS**, 2013 U.S. Dist. LEXIS 4462, *18 (N.D. Ill. Jan. 11, 2013). In **UPS**, the Court found the EEOC's allegations in its first amended complaint were adequate, considering the amended complaint included the following information: (1) the statutes UPS allegedly violated; (2) the time frame in which the alleged violations occurred; (3) the names of the presently identified victims; (4) a general description of the class of aggrieved persons; (5) the specific claims alleged and their elements as to the charging party and the class of aggrieved persons; (6) the types of conduct to which the named claimants and the unidentified class were subjected; and (7) and the remedies being sought. 2013 U.S. Dist. LEXIS 4462 at *18. Applying the factors in the **UPS** case here, the Complaint is insufficient.

### A.   The Complaint Does Not Name Other Known Aggrieved Employees.

Other than Ms. Schwab, no other aggrieved employees are identified. This is information in the EEOC's exclusive possession[2] which should be included in the Complaint. In **UPS**, the

---

[2] The EEOC investigated Ms. Schwab's Charge of Discrimination and her allegations regarding other aggrieved individuals for nearly four years. Despite this fact, during conciliation and prior to filing the instant lawsuit, the EEOC refused to provide information to MRH regarding the other purported aggrieved employees – including initially withholding the number of purported aggrieved employees, as well as withholding the identities of the purported aggrieved employees, the full nature of the alleged wrongful conduct, all purported perpetrator(s) of the alleged wrongful conduct, a clear timeframe in which the alleged wrongful conduct occurred or any other information that would allow MRH to meaningfully participate in conciliation. MRH requested the identities of the other aggrieved individuals from the EEOC investigator **three times** to no avail. *See* Defendant's Motion to Stay Case Pending Actual Conciliation.

6

EEOC initially included in its complaint the name of only one aggrieved employee and lumped everyone else into a class of unnamed aggrieved employees. 2013 U.S. Dist. LEXIS 4462 at *2-3. The Court dismissed UPS' complaint, finding it "threadbare, conclusory, and formulaic." *Id.* at 4. The EEOC then sought leave and filed a first amended complaint, naming two known aggrieved employees (and asserted allegations specific to these two individuals) and included separate allegations for a class of unidentified individuals. *Id.* at *5. The Court ultimately found the EEOC's first amended complaint was sufficient, considering among several factors, the fact the EEOC named the presently known aggrieved employees. *Id.* at *13-18.

The EEOC should be required to do the same here. The Complaint unequivocally reflects the EEOC knows who these alleged aggrieved individuals are but chose not to include their names in the Complaint. For example, the Complaint includes factual allegations for several incidents not involving Ms. Schwab; this shows the EEOC has identified other individuals allegedly aggrieved by MRH's employment practices. One of those individuals appears to be the "SDS/PACU Nurse Manager" – the Complaint asserts this person complained to HR three or four times about age discrimination and harassment, was told by HR "we'll look into it," but then was never informed of or observed any substantive actions to correct the alleged issues, and then again complained of age discrimination during her exit interview with MRH. [ECF 1, at ¶¶ 92-94]. The EEOC's assertion of these specific actions demonstrates the EEOC knows the name of this individual. During Ms. Schwab's tenure, however, multiple individuals worked in the SDS/PACU Nurse Manager role. In addition to the allegations referenced above, the Complaint makes multiple allegations regarding a "SDS/PACU Nurse Manager," but it is unclear which one the EEOC is

7

referring to, or if it is referring to multiple individuals who worked in that position. [ECF 1, at ¶¶ 71, 79-82, 92-94].

Similarly, the EEOC asserts certain comments were made by Chief Hackett – comments the EEOC does not assert were made in front of or to Ms. Schwab – and it therefore can be presumed the EEOC learned of these comments from specific individuals. [ECF 1, at ¶¶ 70, 72]. The EEOC makes other allegations indicating it knows who other aggrieved individuals are, but has refused to specifically name those individuals. [ECF 1, at ¶¶ 83-85, 95-98]. Indeed, the language in paragraph 97 stating "at least five employees made complaints of age discrimination" suggests the EEOC knows the name of five employees who allegedly made such complaints. The same goes for the similar language in ¶ 98.

Yet, this information is inexplicably not included in the Complaint. It is one thing to not provide the names of unknown, unidentified individuals—although this raises separate issues regarding the EEOC's wholesale failure to reasonably investigate and conciliate as per its Title VII obligation—it is another thing to refuse to provide the names of known, identified individuals in the Complaint. There is no reasonable justification for the refusal to provide the names of presently known aggrieved employees other than to impose an unfair disadvantage onto MRH in having to defend this case in the dark, which is inconsistent with the applicable pleading requirements.

Accordingly, the Court should require the EEOC to amend its Complaint to include the names and factual allegations regarding any alleged aggrieved individuals known to the EEOC. *See **EEOC v. Midwest Farms, LLC***, Civil Action No. 23-cv-02531-PAB-MDB, 2025 U.S. Dist. LEXIS 49326 (D. Colo. Mar. 18, 2025), January 10, 2024 Courtroom Minutes (the Court, after

discussion of Defendant's Motion for More Definite Statement, requiring EEOC to disclose identities of members or witnesses it has already spoken to or determined to have relevant information), **Ex. A**. For the same reasons, the EEOC should be required to amend its Complaint to include the names and factual allegations regarding any known alleged perpetrators in addition to Chief Hackett or Director DeLaune.

      **B.**    **EEOC's Description of the Class of Other Aggrieved Employees Is Insufficiently Defined and Detailed.**

The EEOC's description of the class of aggrieved employees in the Complaint is also conclusory. In *UPS*, the Court found the EEOC's description of the class was sufficiently limited and detailed to satisfy the requirements of Fed. R. Civ. P. 8 and provided UPS with fair notice of the claims against it (a fact not disputed by UPS). 2013 U.S. Dist. LEXIS 4462 at *13-14. Specifically, the *UPS* Court found "UPS maintained an inflexible 12-month leave policy which does not provide for reasonable accommodation of qualified individuals with disabilities and which instead provides for termination of their employment….It then offers detailed factual allegations [in the first amended Complaint] as to how the policy affected two employees, Momsen and Luvert, and alleges that the same policy was applied across the board to other employees." *Id.* Thus, the class in *UPS* was appropriately limited to employees aggrieved by one policy.

That is not the situation here. Ms. Schwab is the only named aggrieved individual. Ms. Schwab alleges she was subjected to discriminatory comments based on her age; she complained to management; her complaint was not resolved to her satisfaction; her work began to be scrutinized after a patient made a complaint; and she resigned. Yet, the EEOC casts a wide net beyond Ms. Schwab's allegations and beyond the type of misconduct alleged by Ms. Schwab. This expands the universe of alleged unlawful employment practices to an unknown and potentially

9

exponential degree. For example, the EEOC makes allegations beyond those of Ms. Schwab, including but not limited to: HR Director Ms. Skees showed indifference when conducting discrimination training to other employees; Director DeLaune tried to blame errors in medical records on older nurses; and Director DeLaune reprimanded and counseled Ms. Schwab's co-worker who was allegedly in line to be terminated for her age, and then ultimately did terminate her. [ECF 1, at ¶¶ 73-74, 77-85]. Moreover, the EEOC generally asserts "a class of other older employees" were subjected to harassment; retaliated against; forced to resign; or terminated or constructively discharged. [*See e.g.*, ECF 1, at ¶¶ 99-101]. As it is written, the EEOC's Complaint is unclear as to whether this is all the same class of employees, or different employees were subjected to different conduct. It is also unclear what the harassment consisted of, or whether it was the same conduct as Ms. Schwab alleges, or something different. Indeed, ¶¶ 99-101 generally assert "a class of other older employees" were retaliated against, forced to resign, or terminated based on age, and then gives various statistics about employees who quit or were discharged from MRH as "an example." But it is unclear from these vague and threadbare allegations how those statistics relate to the general allegations in ¶¶ 99-101 absent further information directly connecting the two. None of the foregoing assertions are connected to any named aggrieved individuals and are not grounded in any sufficiently-pleaded factual allegations.

Moreover, the class allegations are not limited to the statements or actions of Chief Hackett or Director DeLaune, who – broadly construing Ms. Schwab's Charge of Discrimination – were the only individuals she identified as allegedly harassing or retaliating against her. For example, the Complaint references a discriminatory comment by an unnamed "manager" and that "management staff" never followed up with employees about their alleged complaints with HR.

10

[ECF 1, at ¶¶ 75, 88]. These vague and conclusory statements open the EEOC's allegations to an unknown degree, considering MRH is unaware to whom the EEOC specifically refers.

As it is written, the Complaint's allegations at least some of these unnamed class members complained about their treatment to MRH's management or HR during their employment are unclear as to whether some or all of these unnamed class members complained to MRH, and it is, likewise, unclear if a prior complaint is a component of class membership. Accordingly, the EEOC should be required to amend its Complaint to clarify whether the class is limited to individuals who complained about unlawful treatment to MRH during their employment *or* if the class is not so limited. Moreover, the EEOC should be required to amend its Complaint to provide factual context for this assertion for any identified class members, to include the timing of these complaints, to whom complaints were submitted, the result of these complaints, and the substance of these complaints. This is not "detailed" factual information, this is basic factual context to supply fair notice to MRH for the retaliation claims. Indeed, in the absence of any non-conclusory assertions regarding aggrieved employees' internal complaints, the EEOC cannot establish a plausible retaliation claim and MRH cannot articulate potentially applicable defenses..

  **C.** **The Complaint Does Not Sufficiently Allege the Time Frame During Which the Alleged Violations Occurred.**

The Complaint does not specify the timeframe during which MRH allegedly engaged in unlawful employment practices aggrieving its employees. The EEOC included allegations specific to a class of unnamed aggrieved employees in a separate section in the Complaint. [ECF 1, at ¶¶ 66-102]. Although the EEOC mentions different years in these allegations, MRH does not know what day or month the incidents involving the unnamed class members allegedly occurred, or even the timeframe applicable to the EEOC's allegations. For instance, at various times the EEOC

11

mentions "dating back to at least September 2012", an HR presentation in 2020, "on or around October and November 2020", "starting in January 2021", "between December 2019 and May of 2022", "between June of 2022 and October of 2024" and then in ¶ 102, provides various statistics over different timeframes. [ECF 1, at ¶¶ 72, 73, 78, 83, 97, 98, 102]. This is confusing to say the least, and does not provide MRH with a clear timeframe in which the EEOC brings its allegations. *See, e.g.*, ***Marquez***, 2017 U.S. Dist. LEXIS 117837, at *3. Moreover, the EEOC's use of the phrase "dating back to at least September 2012" leaves it open for the EEOC to investigate and add claims for individuals occurring before and after September 2012. This is insufficient and overly broad. It is not possible for MRH to respond to the current threadbare recitals of alleged wrongdoing with unclear information regarding timing.

### D. MRH Cannot Reasonably Prepare a Response to the EEOC's Complaint.

Without more information from the EEOC, MRH cannot respond to the vague and ambiguous allegations in the Complaint without prejudice against itself. Procedurally, for instance, it is unclear whether the class of "other aggrieved individuals" includes employees with which MRH has previously settled regarding similar allegations, whether any of the individuals filed their own separate Charges with the EEOC, or whether these individuals' claims are within the statute of limitations.

Substantively, the allegations are also lacking and do not allow for MRH to reasonably respond. A claim for age discrimination under the ADEA requires the claimant to prove, by either direct or circumstantial evidence, that age was the 'but-for' cause of the adverse employment action, or in other words, actually played a role in the decision-making process and had a determinative influence on the outcome. ***Cline v. Clinical Perfusion Sys.***, 92 F.4th 926, 934 (10th

12

Cir. 2024) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)). Without further context surrounding the aggrieved individuals' terminations or other alleged adverse employment actions, MRH cannot evaluate and respond to EEOC's claims. Indeed, the EEOC asserts "a class of other aggrieved older workers were doing satisfactory work but were discharged despite their satisfactory work performance." [ECF 1, at ¶ 112]. MRH has no way to verify these employees were actually doing satisfactory work. The same goes for the EEOC's retaliation claim, which similarly requires but-for causation. *Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).[3] For the hostile work environment claim, as described herein, MRH cannot evaluate these claims for the "other aggrieved individuals" without knowing what specific conduct they were subjected to and whether it differed from that alleged by Ms. Schwab. Further, constructive discharge requires the claimant to show the conditions were objectively intolerable, or so difficult and unpleasant that a reasonable person in the employee's position would feel forced to resign. *Bennett v. Windstream Communs., Inc.*, 792 F.3d 1261, 1269 (10th Cir. 2015). MRH cannot assess, based on the EEOC's Complaint as written, whether certain employees of MRH were subject to such conditions. The facts provided do not allow the court to draw the reasonable

---

[3] Moreover, in its Complaint, the EEOC seeks relief including in the form of reinstatement for the "other aggrieved individuals." In the absence of knowing their identities and the circumstances of their separations, reinstatement is not something MRH can provide. If any of the "other aggrieved individuals" were separated due to a patient care issue, for example, MRH would not be positioned to reinstate their employment because of its obligation to protect MRH's patients which would be a defense to such relief. Other circumstances of separation from MRH's employment may raise other issues foreclosing reinstatement as a viable option. EEOC's refusal to identify the "other aggrieved individuals" makes it impossible for MRH to properly evaluate anything about the propriety of reinstatement and its available defenses.

inference the employer violated the applicable statutory provisions as to the unidentified individuals. *See UPS*, 2013 U.S. Dist. LEXIS 4462, at *18.

The allegations relating to Ms. Schwab similarly do not allow MRH to prepare a reasonable response to the Complaint. For instance, it is unclear what the extent is of the discriminatory conduct being alleged by Ms. Schwab. She asserts discriminatory comments were made to her twice, but subsequently asserts she complained of "age discrimination, management treating more senior employees poorly and less favorably than younger employees, and older nurses being driven out of the unit." [ECF 1, at ¶¶ 37, 41, 44]. It is unclear whether she is alleging she personally was treated less favorably than younger employees, and how, and whether such treatment was beyond the discriminatory comments she alleges were made to her, which comments could also fall under her complaint of "age discrimination." She further alleges after she complained, a patient made a complaint and "Director DeLaune began applying extra scrutiny to Schwab's work", trying to blame Ms. Schwab for the patient's complaint. [ECF 1, ¶ 51-52]. She then asserts "For example", Director DeLaune would follow her around during her shift. [ECF 1, ¶ 53]. The use of the phrase "for example" indicates there are other instances of Director DeLaune scrutinizing Ms. Schwab's work, but no such allegations are included. The scope of the discriminatory conduct alleged is therefore unclear. Additionally, without further context surrounding the patient's complaint, MRH cannot determine whether Director DeLaune's monitoring Ms. Schwab's work may have been warranted and not influenced by any protected class. Without understanding the scope of the alleged conduct or the context of the patient's complaint, MRH cannot evaluate whether age was the but-for cause for the alleged discrimination or retaliation, or whether Ms. Schwab's employment conditions were so intolerable as to force her to resign, and cannot reasonably provide

a response admitting or denying such allegations in the Complaint. *See **Marquez***, 2017 U.S. Dist. LEXIS 117837, at *3.

## CONCLUSION

WHEREFORE, Defendant Montrose Memorial Health, Inc., d/b/a Montrose Regional Health MRH requests this Court grant its Motion for More Definite Statement and enter an Order requiring the EEOC to:

1. File an Amended Complaint no later than 21 days from the date of the Order providing factual context for its assertions regarding the unnamed class members, to include:
    a. Clear timeframe(s) of the alleged incidents involving the class members;
    b. The names of all class members and perpetrators identified by the EEOC;
    c. Clearly define the scope and parameters of the EEOC's proposed class and provide specific factual support for the allegations of the class based on this definition; and
    d. The names of the identified class members that the EEOC is relying upon to establish its hostile work environment, discriminatory discharge and/or constructive discharge, and retaliation claims.
2. Inform the EEOC that failure to comply with this Order by not filing a complying Amended Complaint on or before 21 days from the date of the Order, could result in the operative Complaint [ECF 1] being stricken or the dismissal of this action; and
3. Grant it any additional relief this Court deems appropriate under the circumstances.

Dated this 1st day of December, 2025.

*s/ Ciara N. Kimminau*
Andrew D. Ringel, Esq.
Ciara N. Kimminau, Esq.
HALL & EVANS, L.L.C.
1001 Seventeenth Street, Suite 300
Denver, CO 80202
T: (303) 628-3300
F: (303)-628-3368
ringela@hallevans.com
kimminauc@hallevans.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE [CM/ECF]

  I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via CM/ECF this 1st day of December, 2025, to the following:

Lauren Duke, Esq.
lauren.duke@eeoc.gov

              *s/ Erica Cameron*
              Legal Assistant
              Hall & Evans, L.L.C.